# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>THE ESTATE OF JOSHUA A. McLEMORE, by and through its Administrator, Melita L. Ladner; LAVITA MCCLAIN, as Administratrix and Personal Representative of the Estate of Ta'Neasha Chappell; JAMONTRAE BENNETT, JACKSON COUNTY, INDIANA; JACKSON COUNTY BOARD OF COMMISSIONERS, JACKSON COUNTY BUILDING CORPORATION, SCOTT FERGUSON; CLAYTON BANISTER; MARK REYNOLDS; TAMI BAXTER; MILTON EDWARD RUTAN; SETH BOYD; WENDY BOSHEARS; MATT STILLWELL; MICHAEL DAVISSON; KEVIN RODRIGUEZ; RYAH SMITH; DAVID RIDLEN; COMMANDER CHRIS EVERHART; SHERIFF RICK MEYER; BILL DREES; BRAD FREEMAN; BILL DISHMAN; AARON WILKINS; KEVIN SETTLE; and UNKNOWN CLAIMANTS.<br><br>Defendants. | No. 4:23-cv-119<br><br>**COMPLAINT IN INTERPLEADER** |

ATLANTIC SPECIALTY INSURANCE COMPANY ("Plaintiff"), by and through its attorneys, BatesCarey LLP, brings this Complaint in Interpleader under 28 U.S.C §1335 and Rule 22 of the Federal Rules of Civil Procedure ("FRCP"). In support of this Complaint, Plaintiff alleges as follows:

**INTRODUCTION**

1. This action for interpleader under FRCP Rule 22 and 28 U.S.C. §1335 and for declaratory judgment under 28 U.S.C. §2201 arises out of the deaths of Ta'Neasha Chappell and Joshua A. McLemore, on July 16, 2021 and August 10, 2021, respectively, while allegedly in custody of the Jackson County Jail/Sheriff's office as well as out of the claims presented by Defendant JAMONTRAE BENNETT for injuries allegedly sustained at the Jackson County Jail on or about March 17, 2021.

2. At the time of the respective deaths and alleged injuries, there was in effect a policy of insurance issued by Plaintiff to Defendants JACKSON COUNTY BOARD OF COMMISSIONERS (the "BOARD") and JACKSON COUNTY BUILDING CORPORATION (the "BUILDING CORP."), under policy number 791-00-03-67-0010 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A and incorporated herein by this reference.

3. Defendants LAVITA MCCLAIN, as Administratrix and Personal Representative of the Estate of Ta'Neasha Chappell ("CHAPPELL ESTATE") and THE ESTATE OF JOSHUA A. McLEMORE, by and through its Administrator, Melita L. Ladner (the "MCLEMORE ESTATE") have each filed lawsuits in the New Albany Division of this District against Defendant JACKSON COUNTY and/or certain of its employees, in the actions captioned and numbered *McClain v. Ferguson, et al.,* 4:21-cv-00165-SEB-DML (Exhibit B hereto) and *The Estate of Joshua A. McLemore v. Jackson County, Indiana, et al.,* 4:23-cv-00057-TWP-KMB (Exhibit C hereto). Defendant JAMONTRAE BENNETT has filed an action in the Terre Haute Division of this District against certain JACKSON COUNTY employees in the action captioned and numbered *Bennett v. Drees, et al.,* 2:21-CV-00377-JRS-DLP (Exhibit D hereto). (the suits filed by the

CHAPPELL ESTATE, the MCLEMORE ESTATE and JAMONTRAE BENNETT will herein be collectively referred to as the "Underlying Actions").

4. Plaintiff is defending the following defendants under the Policy in the Underlying Actions: JACKSON COUNTY, SCOTT FERGUSON; CLAYTON BANISTER; MARK REYNOLDS; TAMI BAXTER; MILTON EDWARD RUTAN; SETH BOYD; WENDY BOSHEARS; MATT STILLWELL; MICHAEL DAVISSON; KEVIN RODRIGUEZ; RYAH SMITH; DAVID RIDLEN; COMMANDER CHRIS EVERHART; SHERIFF RICK MEYER; BILL DREES; BRAD FREEMAN; BILL DISHMAN; AARON WILKINS; and KEVIN SETTLE (the "JACKSON COUNTY DEFENDANTS").

5. The Policy provides Law Enforcement Liability Coverage (GRS LE 101 01 16) on an occurrence basis with a limit of $1,000,000 per wrongful act and in the aggregate. The Policy also incorporated Excess Liability Coverage (GRS EL 101 01 16) with a $4,000,000 per claim and aggregate limit. These are the only coverages in the Policy applicable to the claims presented in the Underlying Actions.

6. Plaintiff files this action solely to avoid litigation of competing claims to any proceeds of the Policy and to avoid potential exposure to double or multiple liability.

## PARTIES

7. Plaintiff is an insurance company that is incorporated in New York with its principal place of business in Minnesota and therefore is a citizen of New York and Minnesota.

8. Defendants CHAPPELL ESTATE and MCLEMORE ESTATE are citizens of the State of Indiana, the state in which decedents Ta'Neasha Chappell and Joshua McLemore were domiciled at the time of their deaths.

9. Defendant JAMONTRAE BENNETT is a citizen of the State of Indiana.

10. The BOARD, the BUILDING CORP. and the JACKSON COUNTY DEFENDANTS are all citizens of the State of Indiana.

11. The UNKNOWN CLAIMANTS are Defendants who may exist but have not yet identified themselves or the nature of their claims to Plaintiff. Plaintiff seeks leave of Court to effect service, in accordance with FRCP Rule 4(e)(1), on Unknown Claimants by publication as permitted by any applicable state law pertaining to service of summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

12. Plaintiff makes no claims against the Defendants named in this Complaint for Interpleader but has named those Defendants only because it is informed and believes that they have, or may have, claims to the money in Plaintiff's possession.

## JURISDICTION AND VENUE

13. There being complete diversity between the properly joined parties and the amount in controversy exceeding $75,000, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

14. Plaintiff has in its possession money in the value of $500 or more (the "Fund") that is the subject of competing claims, potentially conferring jurisdiction on the Court over this action under 28 USCS § 1335.

15. Venue in this Court is proper pursuant to 28 USCS § 1391(b)(2) because a substantial part of the events giving rise to the claims set forth herein occurred in this District.

# FACTUAL ALLEGATIONS

## A.  THE POLICY

16. The combined available limits of liability under Policy are Five Million Dollars ($5,000,000) for all claims presented in the Underlying Litigation (the "Fund").

17. The Law Enforcement Liability Coverage form of the Policy provides, in relevant part, as follows:

> **SECTION I COVERAGES**
>
> **A.   Insuring Agreement Liability for Law Enforcement Wrongful Acts**
>
> 1. We will pay those sums that the insured becomes legally obligated to pay as "damages" for a "claim" resulting from a "law enforcement wrongful act" to which this insurance applies.
>
> 2. We will have the right and duty to defend the insured against any "suit" seeking those "damages". However, we will have no duty to defend the insured against any "suit" seeking "damages" for a "law enforcement wrongful act" to which this insurance does not apply. We may, at our discretion, investigate any "law enforcement wrongful act" and settle any "claim" that may result.
>
>    However:
>
>    a. The amount we will pay for "damages" is limited as described in SECTION V LIMITS OF INSURANCE; and
>
>    b. Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements.
>
>    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments (Section I.B.).

5

18. The Excess Liability Coverage form of the Policy provides, in pertinent part, as follows:

### SECTION I - COVERAGE

**Insuring Agreement Excess Liability**

1. We will pay those sums that the insured becomes legally obligated to pay as "damages" in excess of all "underlying insurance", but only after all "underlying insurance" has been exhausted by the actual payment of the Limits of Liability of the "underlying insurance".

2. This excess liability insurance coverage is subject to the insuring agreement terms, exclusions, limitations, conditions and definitions contained within the "underlying insurance", except as otherwise described in this excess liability coverage form and its endorsements.

\* \* \*

### SECTION II – DEFENSE

1. We have no duty to defend or assume charge of any settlement or defense of any "claim" made, "suit" brought, or proceedings instituted against the insured. However, we have the right, but not the duty, and will be provided the opportunity to associate with the insured in the investigation, settlement or defense of any "claim", "suit" or proceeding which in our opinion may create liability under this excess liability policy, whether or not the Limits of Liability of the "underlying insurance" have been exhausted.

## B. THE CLAIMS

19. The CHAPPELL ESTATE, the MCLEMORE ESTATE, JAMONTRAE BENNETT and the UNKNOWN CLAIMANTS (hereinafter collectively referred to as the "CLAIMANTS") each have or may have claims to the Fund.

20. Such claims are independent and adverse to one another and may subject Plaintiff to multiple and possibly conflicting claims and to a multiplicity of suits.

## COUNT I

## INTERPLEADER

1-20. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

21. Plaintiff claims no interest in the Fund and is an impartial stakeholder.

22. Plaintiff is in doubt as to which, if any, of the CLAIMANTS is entitled to receive the Fund or the amount, if any, each of those CLAIMANTS is entitled to receive.

23. Payment of any portion of the Fund to any of the CLAIMANTS will potentially expose the Plaintiff to multiple liability.

24. A just and expeditious determination of the proper recipients of the Fund requires the CLAIMANTS to interplead and litigate their claims to the Fund.

25. Plaintiff seeks a declaration of the rights of the CLAIMANTS to the Fund, pursuant to 28 U.S.C. §2201.

26. Plaintiff is ready, willing and able to unconditionally deposit in the Court's registry the amount of the Fund upon issuance of an order granting Plaintiff leave to deposit that amount pursuant to FRCP Rule 67(a). Plaintiff will abide by any order of the Court relating to the distribution of the Fund.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

(a) Enjoining the CLAIMANTS, their agents, attorneys, assigns, from instituting or prosecuting any action in any federal, state or administrative forum against Plaintiff relating to the Policy or the Fund;

(b) Directing Plaintiff to deposit into the Court's registry the amount of the Fund;

(c) Awarding Plaintiff its reasonable attorneys' fees and costs, which shall be deducted from the Fund deposited with the Court;

(d) Declaring the rights of the CLAIMANTS to the Fund;

(e) Discharging Plaintiff from any and all liability relating to the Policy;

(f) Requiring the CLAIMANTS to interplead as to their respective rights to the Fund; and

(g) Granting such other and further relief as the Court deems just and proper.

## COUNT II

## DECLARATORY JUDGMENT

1-26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

27. The deposit of the Fund with the Court's registry will exhaust the liability limits of the applicable coverages of the Policy.

32. Plaintiff seeks a declaration, pursuant to 28 U.S.C. §2201, that the deposit of the Fund with the Court's registry will relieve Plaintiff of any further obligation to defend or indemnify the BOARD, the BUILDING CORP. or the JACKSON COUNTY DEFENDANTS with regard to any legal actions filed by the CLAIMANTS, including the Underlying Actions.

33. Plaintiff is ready, willing and able to unconditionally deposit in the Court's registry the amount of the Fund upon issuance of an order granting Plaintiff leave to deposit the Fund pursuant to FRCP Rule 67(a).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

(a) Declaring that, upon deposit of the Fund with the Court's registry, Plaintiff owes no further obligation to defend or indemnify the BOARD, the BUILDING CORP. or the JACKSON COUNTY DEFENDANTS with regard to any legal actions filed by the CLAIMANTS, including the Underlying Actions;

(b) Granting such other and further relief as the Court deems just and proper.

Dated: July 14, 2023               ATLANTIC SPECIALTY INSURANCE COMPANY

By  /s/ *David J. Buishas*
    One of its attorneys

David J. Buishas
BATESCAREY LLP
191 N. Wacker, Suite 2400
Chicago, IL 60606
Telephone:  312-762-3278
Facsimile:  312-762-3200
dbuishas@batescarey.com

8186264